UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JOCOB HOLT, M.D.,            )
                            )
            Plaintiff,      )
                            )
v.                          )       No. 2:14-cv-253
                            )       Phillips/Inman
STANDARD INSURANCE CO.,     )
                            )
            Defendant.      )

## MEMORANDUM OPINION

Defendant Standard Insurance Company ("Standard") has filed a motion to dismiss the plaintiff's claim for statutory bad faith [Doc. 18] on the grounds that the claim is time-barred.  Standard has filed a brief in support of the motion [Doc. 19], plaintiff has responded in opposition [Docs. 24, 25], and Standard has filed a reply [Doc. 26].  The matter is now ripe for determination.

For the reasons set forth herein, the defendant's motion [Doc. 18] will be **DENIED**.

## I.      Relevant Facts[1]

Plaintiff Jacob Holt, M.D. was employed by Inpatient Consultants of Tennessee as a nocturnist from approximately June 2007 to September 2010 [Doc. 17 at ¶ 8].  Dr. Holt

---

[1]For the purposes of a motion to dismiss, the Court takes the factual allegations in the amended complaint [Doc. 17] as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint").

applied for and was issued two individual disability insurance policies from Standard, one in 2001 and one in 2005 [*Id.* at ¶¶ 9—10].

In September 2010, Dr. Holt was diagnosed with depression, advised not to return to work, and was deemed to be disabled by his physician [*Id.* at ¶ 12]. Dr. Holt made a disability claim under his disability insurance policies on or around October 2010, and he began receiving payments from Standard for his disability on December 8, 2010 [*Id.* at ¶ 13]. While receiving disability insurance payments, Dr. Holt received treatment from three doctors who confirmed his depression [*Id.* at ¶ 14].

On May 1, 2012, Dr. Holt was notified by Standard that his disability payments were to be suspended indefinitely based on the opinion of a Physician Consultant that Dr. Holt was no longer disabled [*Id.* at ¶ 15]. Dr. Holt appealed this decision twice, in August 2012 and in September 2013, and both appeals were denied by Standard [*Id.* at ¶ 17]. Dr. Holt claims that he exhausted all administrative remedies, requested payment on multiple occasions, and waited over 60 days after Standard's denial before filing suit [*Id.* at ¶ 18].

Dr. Holt filed suit on August 18, 2014 [Doc. 1]. As set forth in the amended complaint, Dr. Holt claims that Standard has breached its contracts of disability insurance by refusing to continue his disability benefits and that Standard has acted in bad faith in violation of Tenn. Code Ann. § 56-7-105 [Doc. 17 at ¶¶ 23—29]. Plaintiff's claim of bad faith is the subject of Standard's motion to dismiss.

## II.      Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).   Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions."   *Twombly*, 550 U.S. at 555.   "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."   *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Iqbal*, 556 U.S. at 678.   "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense."   *Id.* at 679.

### III. Analysis

Tennessee's insurance bad faith statute provides for a penalty, not to exceed 25% of the liability for the loss, when an insurer's refusal to pay the loss was not in good faith. Tenn. Code Ann. § 56-7-105(a). In order to state a bad faith claim, a plaintiff must show: (1) the policy of insurance must, by its terms, have become due and payable; (2) a formal demand for payment must have been made; (3) the insured must have waited 60 days after making demand before filing suit (unless there was a refusal to pay prior to the expiration of the 60 days); and (4) the refusal to pay must not have been in good faith. *Montesi v. Nationwide Mut. Ins. Co.*, 970 F. Supp. 2d 784, 791 (W.D. Tenn. 2013). The parties do not dispute that statutory bad faith claims are subject to the one-year statute of limitations of Tenn. Code Ann. § 28-3-104(a)(4), which requires "actions for statutory penalties" to be "commenced within one year after the cause of action accrued." *Id*. The question for resolution by the Court is when Dr. Holt's claim accrued.

Standard contends that Dr. Holt's bad faith claim accrued and the one-year limitations period commenced when his claim was denied on May 1, 2012. Thus, Standard argues that Dr. Holt had until May 1, 2013 in which to file suit. Because his suit was not filed until August 18, 2014, over 15 months from the time his claim was denied, Standard contends that Dr. Holt's bad faith claim is time-barred and therefore should be dismissed [Doc. 19 at pp. 3—5].

Dr. Holt contends that his claim was not denied until he had exhausted all administrative remedies on October 31, 2013. He describes the May 2012 correspondence as a "notification of a suspension" which led him to follow Standard's

4

administrative review process [Doc. 25 at p. 6]. Dr. Holt put Standard on notice of his bad faith claims in March 2014. He filed suit in August 2014, more than 60 days after his notice and demand letter, but before the expiration of his one-year limitations period which began, he contends, with the date of his final denial in October 2013. Plaintiff also argues that the limitations period should be tolled under the doctrines of equitable estoppel or equitable tolling [*Id*. at pp. 7—8].

In reply, Standard argues that Dr. Holt fails to allege any facts in the amended complaint that would avoid the statute of limitations and he cannot rely on facts outside the amended complaint to do so [Doc. 26 at pp. 4—5]. Standard also notes that Dr. Holt's individual insurance policies are not regulated by ERISA and therefore there is no administrative review period or exhaustion of administrative remedies prerequisite to litigation [*Id*. at pp. 6—7]. Finally, Standard argues that Dr. Holt's repeated demands for payment do not extend the statute of limitations and he has not identified any circumstances beyond his control that would permit him to claim the benefit of equitable tolling [*Id*. at pp. 9—11].

The case law is clear that a bad faith claim accrues, and the one-year statute of limitations begins to run, 60 days after the formal demand or immediately after the insurer refuses to comply with the demand. *Montesi*, 970 F. Supp. 2d at 791 (citing *Third Nat'l Co. v. Thompson*, 191 S.W.2d 190, 195 (Tenn. Ct. App. 1945) (right to statutory bad faith penalty had not accrued because the 60-day period for insurers to deny liability or refuse to pay had not expired); *see Murphy v. Allstate Indem. Co.*, No. 1:13-CV-108, 2014 WL 1024165 at *4 (E.D. Tenn. Mar. 17, 2014) (Collier, J.) (an insurance "cause of

5

action accrues at the time that the insurance company denies liability for the insured's claim") (quoting *Fortune v. Unum Life Ins. Co. of Am.*, 360 S.W.3d 390, 398 (Tenn. Ct. App. 2010)). As explained by the Tennessee Supreme Court:

> This means that the defendant may decline to answer the demand for 60 days, and, as long as no refusal is made within that period, the claimant would necessarily be required to withhold suit; but, if the refusal to pay is made within 60 days after the demand, *the right to commence the suit accrues immediately upon the refusal.* Sixty days is the extreme limit allowed by the Legislature in which the company can investigate the question of its liability, and, if it fails to respond to the demand for payment within that time, the suit may be commenced without proof of a refusal.

*Thompson v. Interstate Life & Acc. Co.*, 162 S.W. 39, 39 (Tenn. 1913) (emphasis added); *see Wynne v. Stonebridge Life Ins. Co.*, 694 F. Supp. 2d 871, 879 (W.D. Tenn. 2010) (plaintiff was entitled to bring suit and statute of limitations for a bad faith claim began to run when insurer issued letter denying claim).

As set forth in the first amended complaint, Dr. Holt was notified on May 1, 2012 "that his disability payments were to be suspended indefinitely for the reason that … his condition no longer rendered him disabled" [Doc. 17 at ¶ 15]. The first amended complaint also alleges that Dr. Holt appealed Standard's decision in August 2012 and in September 2013 "and both of these appeals were denied by Standard" [Doc. 17 at ¶ 17]. Standard contends that Dr. Holt's use of semantics – describing the letter as a "notification of suspension" [Doc. 25 at p. 6] – does not alter the fact that he was notified of the denial of his claim in May 2012. However, none of the communications referenced are included with the first amended complaint and the Court cannot make a

factual determination about the evidence at this stage.[2]  Instead, the Court must construe

all factual allegations in the light most favorable to the plaintiff.  *See Iqbal*, 556 U.S. at

678 (citing *Twombly*, 550 U.S. at 555).  Accordingly, while plaintiff's bad faith claim

may indeed be time-barred, the Court cannot make that determination at this stage of the

proceedings.


IV.    **Conclusion**

For the reasons set forth herein, the defendant's motion to dismiss [Doc. 18] will

be **DENIED**.  An appropriate order will be entered.


        s/ Thomas W. Phillips
        SENIOR UNITED STATES DISTRICT JUDGE

---

[2]The letters submitted with plaintiff's response brief [Doc. 25, Exs. A—C] are not the letters referenced in the first amended complaint.  Further, as Standard correctly points out, the Court is constrained by Rule 12(b)(6) to consider only the allegations of the first amended complaint.  *See Passa v. City of Columbus*, 123 Fed. App'x 694, 697 (6th Cir. 2005) ("in ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court generally may not consider any facts outside the complaint and exhibits attached thereto") (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).